**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| **U.S. Equal Employment** | ) | |
| **Opportunity Commission,** | ) | **Civil Action No.** |
| 10 S. Howard Street, 3rd Floor | ) | |
| Baltimore, MD  21201, | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Dependable Health Services, Inc.,** | ) | |
| 909 NE Loop 410, Suite 800 | ) | |
| San Antonio, TX 78209 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sheena Berry ("Berry"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Dependable Health Services, Inc. ("Defendant" or "DHS") unlawfully discriminated against Berry by failing to reasonably accommodate her and terminating her employment because of her disability (sickle cell anemia and sickle cell anemia complications with pregnancy) and record of disability, in violation of the ADA.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Greenbelt Division.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland with at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Berry filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8.      On or around July 20, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On or around August 2, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     At all relevant times, Berry was an individual with an actual disability and record of a disability as defined by the statute.

14.     Berry has sickle cell anemia and during pregnancy she experienced complications arising from pregnancy with sickle cell anemia, which substantially limited the functions of her hemic system and impacted her ability to lift and bend.

15.     Berry began working at Walter Reed Hospital as a phlebotomist in March 2016. Defendant took over a medical services contract at Walter Reed Hospital in or around September

3

2016 and employed Berry as a phlebotomist.

16.     Berry notified Defendant of her pregnancy and disability that same month, and requested a reasonable accommodation of no longer working mobile blood drives.

17.     Defendant did not accommodate Berry, telling her that she would continue to attend mobile blood drives but they would "be kept short."

18.     A week or so later, on or around October 5, 2016, Berry was attending a mobile blood drive and began having premature contractions, for which she was hospitalized.

19.     On October 12, 2016, following her hospitalization, Berry told Defendant that she was incapable of attending the mobile blood drives, and only then did Defendant accommodate her by placing her in the Out-Patient Phlebotomy department, which did not require mobile blood drives.

20.     Berry remained working in that department until she gave birth on November 7, 2016.

21.     Shortly after giving birth and up until Defendant terminated her, Berry contacted Defendant on several occasions to update them on her status and hospitals stays.

22.     Specifically, on or around January 3, 2017, Berry requested that Defendant accommodate her with reassignment to the position she held in the Out-Patient Phlebotomy department prior to giving birth.

23.     Berry followed up on her accommodation request, but Defendant did not engage in any interactive process and only asked for her return to work date.

24.     On Friday, February 24, 2017, Berry informed Defendant of her return to work date – February 28, 2017.

4

25.     On Monday, February 27, 2017, Defendant terminated Berry, stating it "decided to have [Berry's] position backfilled effective immediately. Please see the attached notice of your employment termination effective today, 02/27/2017."

26.     Since at least September 2016, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b) when it failed to provide Berry a reasonable accommodation of job modifications; failed to allow Berry to return to her phlebotomist position or reassign her; and instead discharged her because of her disability and record of disability.

27.     The effect of the practices complained of above has been to deprive Berry, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and record of disability.

28.     The effect of the practices complained of above has been to deprive Berry, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

29.     The unlawful employment practices complained of above were intentional.

30.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Berry.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns,

and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.      Order Defendant to make whole Berry by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.      Order Defendant to make whole Berry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.      Order Defendant to make whole Berry by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Berry punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G.      Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that

6

it will comply with all aspects of the ADA;

H.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by the Complaint.

> Respectfully submitted,
>
> JAMES L. LEE
> Acting General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
>
> _____
> DEBRA M. LAWRENCE
> Regional Attorney
>
>
> _____
> MARIA SALACUSE
> Supervisory Trial Attorney
>
>
> _____
> AMBER TRZINSKI FOX
> Trial Attorney
> U.S. Equal Employment Opportunity Commission
> 10 S. Howard Street, Third Floor
> Baltimore, Maryland 21201
> Phone: (410) 209-2763
> amber.fox@eeoc.gov