# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

2017 DEC 15 P 2: 03

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                   )
                              )
          Plaintiff,          )
                              )   Civil Action No. 8:17-cv-02316-GJH
     v.                       )
                              )
DEPENDABLE HEALTH SERVICES, INC., )
                              )
          Defendant.          )
_____)

## CONSENT DECREE

This action was instituted by Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Dependable Health Services, Inc. ("Defendant" or "DHS"), alleging Defendant violated Sections 102(a) and (b) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, 42 U.S.C. § 12112(a) and (b), and Title I of the Civil Rights Act of 1991 ("Title I"), by failing to provide Charging Party Sheena Berry ("Berry") a reasonable accommodation for her disability and discharging her because of her disability (the "Claims").

The parties desire to resolve the Commission's action without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, the ADA and Title 1. Therefore, upon due consideration of the record and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and Claims in the Complaint filed by the EEOC in this action, ("the Complaint"), which emanated from the Charge of Discrimination filed by Sheena Berry. This Decree does not affect the EEOC's right to process any other pending or future charges of discrimination that may be filed against Defendant and to commence civil actions as a result of such charges of discrimination that the Commission sees fit.

2. This Decree shall be in effect for a period of five (5) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant does not meet the established terms at the end of five years, the duration of the Decree may be extended by the Court.

3. Except as otherwise specified in this Decree, the terms of this Decree apply to all of Defendant's facilities.

4. This Decree, being entered with the consent of the parties, does not constitute an adjudication or finding on the merits of this action, and DHS denies the Claims.

## Monetary Relief

5. Within ten (10) business days of entry of this Decree, Defendant shall pay Sheena Berry monetary relief in the total amount of $38,000, representing $16,851.40 in back-pay with interest, and $21,148.60 in non-pecuniary compensatory damages. Defendant will issue Berry an IRS Form 1099 for the 2017 tax year for the non-pecuniary damages amount and an IRS W-2 form for the 2017 tax year for the back-pay amount. Defendant shall make all legally required withholdings from the back-pay amount. The checks and IRS forms will be sent directly to

2

Berry, and a photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201 (Attention: Trial Attorney Amber Trzinski Fox).

6. Defendant shall provide Berry, within ten (10) days of the entry of this Decree, with five copies of a neutral letter of reference, on DHS letterhead, setting forth, at a minimum, the following: Berry's dates of employment, position, and work location (the "Letter"). In response to (a) a written inquiry received by DHS concerning Berry from a potential employer, headhunter, or other person, Defendant shall provide a copy of the Letter and (b) any verbal inquiry received by DHS concerning Berry from a potential employer, headhunter, or other person inquiring about Berry's employment history with Defendant, Defendant shall provide a neutral reference concerning Berry, indicating the following: Berry's dates of employment, position, and work location.

## Injunctive Relief

7. Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the provisions of the ADA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to...discharge of employees... and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term 'discriminate against a qualified individual on the basis of disability' includes ...not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability....

42 U.S.C. § 12112(b)(5).

3

### Policies and Procedures

8.     Within twenty (20) days of entry of this Decree, Defendant shall revise and distribute its existing Reasonable Accommodations Policy (the "Policy") to explicitly include reassignment and reinstatement as reasonable accommodations.

### ADA Training

9.     Within five (5) months from the entry of this Decree, Defendant shall conduct a live (by speaker(s) and/or by video) two-hour training session for all management, supervisory, and human resources employees on the ADA. Specifically, the training will cover all areas of prohibited ADA employment discrimination, with a special emphasis on reasonable accommodations, including reassignment and reinstatement, and the duty to engage in an interactive process with employees regarding reasonable accommodations. The training will also specifically address the revision to Defendant's Reasonable Accommodations Policy discussed in Paragraph 8 above. The training shall be conducted by outside organization or law firm speakers(s) and/or by video, selected by Defendant and approved by the EEOC, who has experience with laws prohibiting employment discrimination.

10.     Defendant will also provide the training to all new management, supervisory, and human resources employees within sixty (60) days of their hire or initial promotion to a management position. Training for new management, supervisory, and human resources employees may be pre-recorded and presented by video.

11.     In years two through five of the Decree, Defendant shall provide an annual training consisting of one hour of live training or one hour of computer-based training covering all areas of prohibited ADA employment discrimination, with a special emphasis on reasonable accommodations, including reassignment and reinstatement, the duty to engage in an interactive

4

process, and the revision to Defendant's Reasonable Accommodations Policy discussed in Paragraph 8 above. A question and answer session shall follow each training session.

12. Within ten (10) business days of completing its live two-hour training as discussed in Paragraph 9 above, Defendant will provide the EEOC with written documentation that the training occurred, including the date the training was completed, and a signed attendance list identifying the name and job title for all attendees. In years two through five of the Decree, Defendant will provide written documentation that the training occurred, including the signed attendance list, with its next due quarterly report described in paragraph 16 of the Decree.

### Notice and Postings

13. Within ten (10) business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

14. Within ten (10) business days of entry of this Decree, Defendant will also post in all places where notices are customarily posted for employees, the Notice attached as Exhibit A ("Notice to Employees"). The Notice shall be posted and maintained for the duration of the Decree and shall be signed by Defendant's owner or corporate representative with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. With its next quarterly report described in paragraph 16 of the Decree, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice, written certification that the Notice has been posted, and a statement describing the location(s) and date of posting.

## Monitoring Provisions

15. The EEOC has the right to monitor and review compliance with this Decree.

16. On a quarterly basis, for the duration of this Decree, and one month before the expiration of this Decree, Defendant must submit written proof by declaration in accordance with 28 U.S.C. §1746 sent to the EEOC confirming it has complied with each of the then current requirements set forth in the Decree. Such proof must include, but need not be limited to, a declaration by a person with knowledge of the recited facts establishing: (a) the completion of training; (b) that the revised Policy has been distributed and remains posted in accordance with this Decree; (c) that DHS has complied with the injunctive relief requested in this Decree; and (d) notifying the Commission of all complaints alleging disability discrimination, as set forth below in Paragraph 17.

17. Defendant will submit to the Commission a list of all its employees who have complained of or reported any alleged discrimination in employment on the basis of disability during the duration of this Decree. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that quarter, Defendant will confirm in writing to the EEOC that no such complaints were made during the quarter.

18. Within ten (10) days of execution of this decree, Defendant shall send a memorandum, signed by Defendant's owner or corporate representative, to all employees, supervisors, managers, and officers, emphasizing Defendant's commitment to abide by all

federal laws prohibiting discrimination in employment on the basis of disability. Defendant will seek and obtain the EEOC's approval of the memorandum prior to distribution.

19. The EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon fourteen (14) days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC, facilities sought to be inspected by the EEOC, and employees sought to be interviewed by the EEOC in the attendance of DHS's counsel.

20. For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and maintain an updated EEO poster in compliance with 42 U.S.C. §2000e-10.

## Miscellaneous Provisions

21 All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Amber Trzinski Fox, EEOC Trial Attorney, at amber.fox@eeoc.gov, and by certified mail to Amber Trzinski Fox, EEOC Trial Attorney Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201-2525.

22. The Commission and Defendant shall bear their own costs and attorneys' fees.

23. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Decree.

FOR PLAINTIFF:

*Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney

*Maria Salacuse*
Maria Salacuse
Supervisory Trial Attorney

*Amber Trzinski Fox*
Amber Trzinski Fox
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
Phone: (410) 209-2763
Email: amber.fox@eeoc.gov

*Counsel for Plaintiff Equal Employment Opportunity Commission*

FOR DEFENDANT:

*Juliann H. Panagos*
Juliann H. Panagos
Crain, Caton & James, PC
Five Houston Center
1401 McKinney Street, 17th Floor
Houston, TX 77010-4035
Phone: 713-752-8696
Email: jpanagos@craincaton.com

*Counsel for Defendant Dependable Health Services, Inc.*

**SO ORDERED.**

Signed and entered this 15th day of December, 2017.

The Honorable George J. Hazel
United States District Court Judge

8